UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No: 0102 1:14-CR-00114-1-PB |
| | ) | |
| WILLIAM ALBA | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCE MEMORANDUM**

In response to the Government's recently filed Sentencing Memorandum, the Defendant submits this responsive memorandum in support of a downward departure in his Criminal History Category from Category III to Category II.

**DISCUSSION**

The PSR submitted by the probation officer accurately reflects the Defendant's criminal history. By simply adding up the points associated with each conviction, his criminal history points comfortably places him in Criminal History Category III. This simple addition, like the Government's Sentencing Memorandum, overlooks factors which support a downward departure in Defendant's Criminal History Category.

First, the Government's position, and simple point counting, does not take into the account the Defendant's age when his prior offenses were committed. This first conviction, as outline in ¶32 of the PSR, was committed when he was 18. The Defendant's other countable convictions, which are outlined in ¶33-35 of the PSR, were committed by the Defendant between the ages of 19 and 20. Although not an excuse for criminal conduct, the young age of a defendant at the time of offense is committed is a factor that the United States Supreme Court has indicated should be taken into account with respect to sentencing. See, Miller v. Alabama, 567 U.S.___

(2012); Graham v. Florida, 560 U.S.___(2010); Gall v. United States, 552 U.S. 38 (2007); Roper v. Simmons, 543 U.S. 551 (2005). While the Government's Sentencing Memorandum does not even hint at this factor as one that should be taken into account, the Defendant submits that the age factor supports a downward departure.

Second, the Government's memorandum overstates the seriousness of the Defendant's prior convictions. The Government takes the position that the 2009 Attempted Robbery in the 2nd Degree, outlined in ¶32 of the PSR, qualifies as a felony crime of violence for career offender analysis under U.S.S.G. § 4B1.2. However, a review of the New York Penal Code Crime of Robbery in the 2nd Degree[1], which has multiple variants, would support a position, post Johnson v. United States, 576 U.S.___ (2015) that this conviction is not a crime of violence as understood for career offender analysis. See, United States v. Moncrieffe, ___F. Supp. 3d ___, 2016 WL 91339, at *17 (E.D.N.Y. March 10, 2016) (Weinstein, J)("the New York robbery statute does not require violent physical force"); : United States v. Avitto, E.D.N.Y., No. 15-CR-265, March 14, 2016 (Ross, J.)("Although force is an element of [New York robbery] the violent force required after Johnson is not. While 'forcibly stealing property' will likely often entail the use of violent force, it is not a necessary element of the crime.") See also, United States v. Parnell,___F.3d. ___, ___ 2016 WL ___ (9TH Cir. April 12, 2016)(finding Mass. armed robbery, which can be committed nonviolently by someone who possesses a concealed gun to not be a crime of violence)(In concurring opinion, Judge Wafford stated "I confess I was actually inclined to affirm the sentence. The notion that robbery is not a 'violent felony' strikes me as counterintuitive to say the least. Holding that armed robbery doesn't qualify as a violent felony

---

[1] New York Penal Law § 160.10

seems even more absurd. But, as the Court's opinion persuasively explains, that conclusion is compelled by [state] law.")

The Government also argues that the Defendant's convictions for sale of marijuana, as outlined in ¶35 of the PSR, should be looked upon more severely because if it had taken place in New Hampshire, or prosecuted federally, it would have constituted as a felony. This argument should not be credited. The offense took please in New York, where it is considered a Class A Misdemeanor punishable by 1 year in jail and a $1,000.00 fine. See, New York Penal Law § 70.15. Putting forward hypotheticals that contemplate that if the offense took place elsewhere that the offense would be viewed more seriously does not make the offense more serious in fact. It is just as likely, using the Government's hypothetical view, to contemplate that the offense may not have even occurred, if it took place in New Hampshire, due to the increased punishment that could be imposed. Thus, while not downplaying the offense, where the offense was a Class A Misdemeanor, committed by the Defendant when he was 20 years old, this conviction should not weigh against a downward departure.

Last, the Government argues that the Defendant's assault in the 3rd Degree conviction, outlined in ¶33 of the PSR, could have been prosecuted as a more severe type of assault and, if it was so prosecuted, he could have been a career offender. As like the hypotheticals put forward by the Government with respect to the misdemeanor sale of the marijuana conviction, the simple response to this argument is that the Defendant was not charged with Felony Second Degree Assault. He was charged with and convicted of Assault in the 3rd Degree, which under New York law is a class A Misdemeanor. See, New York Penal Law § 120. 00(2). Moreover, where Assault in the Second Degree under New York Law has multiple variants, some of which have a mens

rea of recklessness[2], it is doubtful, post Johnson, that even the more severe type of assault contemplated by the Government in their hypothetical would constitute a career offender 'crime of violence'.

## CONCLUSION

Based on the foregoing, the Defendant submits that a downward departure in his Criminal History Category from Category III to Category II is warranted. Further, based on his previously filed Sentencing Memorandum and arguments to be put forth at the Sentencing Hearing, the Defendant submits that a variance in sentencing is warranted and supports his request for a 60 month sentence.

                                              Respectfully submitted
                                              William Alba,
                                              By his Attorney,

Date:   June 17, 2016                          /s/ Paul J. Garrity
                                              Paul J. Garrity
                                              Bar No. 905
                                              14 Londonderry Road
                                              Londonderry, NH 03053
                                              603-434-4106

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, herein certify that on this 17th day of June, 2016, a copy of the within response was e-filed for all parties involved.

                                              /s/ Paul J. Garrity
                                              Paul J. Garrity

---

[2] New York Penal Law § 120. 05(4) and (4-a).